The opinion of the Court was delivered by
ITTautisont .T Richardson, J.
Tlv the net, nf receivim By the act of receiving the money to be used for the plaintiff, the defendant received but a naked bailment, and was liable only for gross neglect; 2 Strange, 1099; but as soon as he used the money for his own purposes, by lending it to another, he became, if with the consent of the plaintiff, a borrower for use, and was then liable for slight negligence. Jacob’s Law Dictionary. Or rather, as the thing borrowed was current money, he became voluntarily the debtor of the plaintiff, and must, like all others, discharge his debt so contracted, by simple borrowing. On the contrary, suppose that the defendant, in the character of a mere depository, and liable for gross neglect only, of his own exclusive motion, used the deposit; then, too, the exception out of the general rule, in his favor, is equally established, to wit: That the depository and pawnee, if they use the thing deposited or pawned, are answerable at all events. Jac. Law Die. 225. And *upon this latter supposition, too, eon-sidering that the thing used was money, did not the defendant L y become simply a debtor for the amount he so expended ? In any view,'it appears that the money was beneficially used for the defendant; and though intended to be so used for the plaintiff, too, the rule in such case of a bailment, jointly beneficial, is, that the bailee is answerable for ordinary neglect, (Jac. Law Die. 224,) though not for slight neglect; which latter would have rendered him liable, had the bailment been for the bailee’s benefit exclusively. And it is laid down, as one of the rules in the doctrine of bailment, that private stealth is presumptive proof of ordinary neglect. Jac. Law Die. 224.
I may conclude, then, upon the rules applicable to the bailment of goods and chattels, that the defendant is liable.
But the most satisfactory is the view first taken, i. e., that having used the money with or without the consent of the plaintiff, the defendant became debtor for it. He placed himself in the situation of a factor, or rather cashier, who, having money in hands belonging to another person, but placed with such cashier, to be kept generally or laid out for a particular purpose; and who, upon the implied consent of the owner, or of his own will, uses the money; knowing that he can command as much when required; and the money being afterwards called for, borrows it, puts a large sum into his pocket, in order to return the amount used, and *668 for other purposes, and then unfortunately loses the whole ; whose money has this man lost ? His own assuredly. His creditors and customers bear no part in his misfortune. And such must be the responsibility of trustees and all cashiers who make use of deposits in their hands, else frauds would be too easily practised, especially where the deposit is of money.
Martin for the motion. -, contra.
Colcock, Bay and Johnson, JJ., concurred.
See Mill’s C. R. 120.